MARION v CITY OF FLINT

WATKINS v CITY OF FLINT

1. Automobiles—Emergency Vehicles—Operation—Statutes.

The driver of an authorized emergency vehicle, when responding to an emergency call, but not while returning therefrom, may proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation, and may exceed the prima facie speed limits so long as he does not endanger life or property (MCLA 257.603[b], [c]; MSA 9.2303[b], [c]).

2. Automobiles—Emergency Vehicles—Operation—Equipment—Statutes.

Exemptions granted to an authorized emergency vehicle apply only where the driver, while in motion, sounds an audible signal by bell, siren, air horn, or exhaust whistle as may be reasonably necessary and where the vehicle is equipped with at least one lighted lamp displaying a flashing, oscillating, or rotating red or blue light (MCLA 257.603[d]; MSA 9.2303[d]).

3. Automobiles—Speed Limitations—Pursuit by Police—Reckless Disregard Of Safety—Statutes.

Statutory speed limitations do not apply to vehicles operated with due regard for safety under the direction of the police in the chase or apprehension of violators of the law or of persons charged with or suspected of any such violation; such exemption does not, however, protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others (MCLA 257.632; MSA 9.2332).

4. Automobiles—Police Officers—Negligence—Standard of Care.

The standard of care used to determine a claim against a police

References for Points in Headnotes

[1–3] 7 Am Jur 2d, Automobiles and Highway Traffic § 172.

8 Am Jur 2d, Automobiles and Highway Traffic § 754 *et seq.*

[1–5] Liability arising from accidents involving police vehicles. 83 ALR2d 383.

[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 212.

[4, 5] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 357, 358.

officer for the negligent operation of a vehicle is that care which a reasonably prudent man would exercise in the discharge of official duties of like nature under like circumstances.

5. AUTOMOBILES—PURSUIT BY POLICE—STANDARD OF CARE—OTHER STATES.

Court decisions in other states indicate that police officers are protected by statute where the officers observe basic standards of reason and due care while engaged in the high-speed pursuit of traffic violators.

Appeal from Genesee, Philip C. Elliott, J. Submitted June 17, 1976, at Lansing. (Docket Nos. 23497, 23498.) Decided September 28, 1976. Leave to appeal applied for.

Complaints by Charles Marion and David Watkins against the City of Flint for damages sustained in an automobile collision with a vehicle being pursued for a minor traffic offense by Flint police officers. Directed verdict and judgment for defendant on both complaints. Plaintiffs appeal. Affirmed.

*Chester R. Schwesinger,* for plaintiff Marion.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for plaintiff Watkins.

*Wilson, Portnoy, Basso & Leader, P. C.,* for defendant.

Before: BRONSON, P. J., and BEASLEY and D. ANDERSON, JR.,* JJ.

PER CURIAM. Plaintiffs appeal from a directed verdict and judgment in favor of defendant, finding no breach of statutory duty by police officers in pursuing a minor traffic violator who collided with plaintiffs' automobile, causing them severe injury.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On May 11, 1969, a man later identified as David Evans was observed by police making an illegally fast start from a traffic light on Dort Highway. The officers reversed their direction and followed Evans. At the next light, the officers stopped directly behind Evans and activated the overhead oscillating light.

As one officer prepared to approach Evans' car, Evans suddenly accelerated through the red light. The officers gave chase with sirens sounding and flashers operating. Evans ran another red light and twice spun out of control.

Another unit joined the first and together they chased Evans at speeds up to 120 miles per hour. Evans pulled ahead of the officers on North Street, largely because the officers slowed at intersections while Evans did not.

At the intersection of North Street and Leith Street Evans collided with plaintiffs. The police arrived and Evans was apprehended attempting to escape on foot. He was intoxicated.

At the suggestion and request of plaintiffs' counsel, the trial court ruled on defendant's motion for directed verdict entirely on the basis of the depositions of the four officers involved, the interrogatories and answers submitted by plaintiffs and defendant, and photographs taken at the scene of the accident. The court directed a verdict for defendant.

On appeal, plaintiffs argue that the trial court was not justified in directing a verdict of no liability with respect to the conduct of the officers. This Court feels otherwise.

Michigan statutes define the special standards applied to operators of emergency vehicles:

MCLA 257.603(b); MSA 9.2303(b). "The driver of an

authorized emergency vehicle when responding to an emergency call, but not while returning therefrom, may exercise the privileges set forth in this section, but subject to the conditions herein stated.

"(c) The driver of an authorized emergency vehicle may:

                    *    *    *

"2. Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation.

"3. Exceed the prima facie speed limits so long as he . does not endanger life or property.

                    *    *    *

"(d) The exemptions herein granted to an authorized emergency vehicle shall apply only when the driver of the vehicle while in motion sounds an audible signal by bell, siren, air horn, or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least 1 lighted lamp displaying a flashing, oscillating, or rotating red or blue light."

MCLA 257.632; MSA 9.2332. "The speed limitation set forth in this chapter shall not apply to vehicles when operated with due regard for safety under the direction of the police in the chase or apprehension of violators of the law or of persons charged with or suspected of any such violation, nor to fire department or fire patrol vehicles when traveling in response to a fire alarm, nor to public or private ambulances when traveling in emergencies. This exemption shall not however protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others."

In *McKay v Hargis,* 351 Mich 409; 88 NW2d 456 (1958), the Michigan Supreme Court, commenting on whether an operator accused of negligent conduct had breached his statutory duty, stated:

"We know of no better standard by which to determine a claim of negligence on the part of a police officer than by comparing his conduct, as this circuit judge

suggested, to 'that care which a reasonably prudent man would exercise in the discharge of official duties of like nature under like circumstances.'" 351 Mich at 418.

The question presented is not one upon which Michigan courts have specifically ruled. However, decisions in other states indicate that officers engaged in high-speed pursuit of traffic violators are protected by statute where they observed basic standards of reason and due care. *Stanton v New York,* 29 App Div 2d 612; 285 NY Supp 2d 964 (1967), *Reed v City of Winter Park,* 253 So 2d 475 (Fla App, 1971), *Bailey v L W Edison Charitable Foundation of Grand Rapids, Inc,* 152 Ind App 460; 284 NE2d 141 (1972).

The statutes require vehicles to operate with proper emergency sound and light equipment. The officers did so here. The statutes further require due care for life and property and freedom from reckless disregard of the safety of others. The facts in this case indicate that the officers were still within proper statutory limits in continuing their pursuit of Evans. The officers evidenced a proper regard for their duty and proper vigilance for the safety of innocent third persons. They cannot be held to account beyond basic statutory standards of care and judgment. They acted as reasonably and carefully as any other officers could be expected to act in the same or similar circumstances.

Affirmed.