ROBINSON v CITY OF DETROIT

Docket No. 176421. Submitted May 8, 1996, at Detroit. Decided August 1,
1997, at 9:05 A.M. Leave to appeal sought.

Debra Robinson, as personal representative of the estate of Courtney
Henderson, deceased, brought an action in the Wayne Circuit Court
against the City of Detroit and others, seeking damages resulting
from the death of the deceased, who died in an accident that
occurred while he was a voluntary passenger in a vehicle that was
fleeing from the police. The trial court, Susan Bieke Neilson, J.,
granted summary disposition for the defendants, finding that the
defendants did not owe a duty to the decedent. The plaintiff
appealed. The Court of Appeals affirmed in an opinion released
September 10, 1996. The Court of Appeals granted rehearing to
review the apparent conflict between its September 10, 1996, opin-
ion and the opinion in *Cooper v Wade*, 218 Mich App 649 (1996),
which was released fifteen minutes before the opinion in this case.
On rehearing, the Court of Appeals, although believing *Cooper* to
have been wrongly decided, reversed on the basis that it was
bound to follow *Cooper* pursuant to Administrative Order No. 1996-
4. 220 Mich App 801 (1996). The Court of Appeals then entered an
order convening a special panel pursuant to Administrative Order
No. 1996-4 to resolve the conflict between this case and *Cooper* and
vacating the opinion on rehearing in this case. 220 Mich App 801
(1996).

After consideration by the conflict resolution panel, the Court of
Appeals *held*:

A voluntary passenger in a vehicle fleeing from the police is not
owed a legal duty by the police and therefore may not sue the
police for damages for personal injuries sustained as a result of the
police chase.

Affirmed.

JANSEN, J. joined by NEFF, J., dissenting, stated that *Cooper* cor-
rectly held that police officers may be held liable for negligence in
a police pursuit of a passenger in a fleeing vehicle under the stan-
dard of care enunciated in *Fiser v Ann Arbor*, 417 Mich 461 (1983),
that requires a police officer to exercise that care which a reasona-
bly prudent person would exercise in the discharge of official

duties of like nature under like circumstances. In addition, the Legislature has imposed a duty on police officers in MCL 691.1405; MSA 3.996(105). Police officers do owe a duty to passengers in fleeing vehicles. The true question is whether the police acted reasonably under the circumstances presented. The reasonableness of the conduct normally will be an issue of fact for the jury to determine.

1. AUTOMOBILES — POLICE PURSUIT — FLEEING SUSPECTS — NEGLIGENCE.

A voluntary passenger in a vehicle fleeing from the police is not owed a legal duty by the police and therefore may not sue the police for damages for personal injuries sustained as a result of the police chase.

2. AUTOMOBILES — POLICE PURSUIT — FLEEING SUSPECTS — NEGLIGENCE — WORDS AND PHRASES — OTHERS.

The statutes concerning high-speed chases involving the police and a fleeing vehicle caution the police against reckless disregard of the safety of others and require due care for life and property and freedom from reckless disregard of the safety of others; the term "others" refers to other motorists and pedestrians and not to the participants in the chase (MCL 257.603, 257.632; MSA 9.2303, 9.2332).

*Pearlman and Pianin* (by *Michael Pianin* and *Sheryl R. Lederman*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Mary Massaron Ross* and *Laurel F. McGiffert*), for the defendants.

Before: WAHLS, P.J., and HOOD, JANSEN, NEFF, SAAD, HOEKSTRA, and MARKEY, JJ.

SAAD, J.

I

NATURE OF THE CASE

This case raises the difficult question whether a voluntary passenger in a vehicle fleeing from the police may sue the police for injuries sustained in an accident during the chase. Whether such a suit may proceed depends upon whether the police owe a legal

duty to the passenger in a fleeing vehicle. In related "police chase" cases, our courts have held that there is no duty owed to a fleeing suspect on the public policy ground that a wrongdoer ought not to be compensated for his own wrongdoing. Conversely, with regard to "innocent bystanders" (such as pedestrians or other motorists), our courts have held that the police owe a duty to this class of citizens to exercise some restraint and care in the chase.

In police chase, civil liability cases, there seems to be no optimal judicial solution to the perplexing question of how to simultaneously protect the public from (1) victimization by suspects who flee the scene of the crime and (2) accidents that may result from the chase to apprehend the criminal suspect. To impose liability upon the police for accidents attendant to the chase may have an undesirable chilling effect upon law enforcement to the detriment of public safety. Yet, to refrain from imposing civil liability may expose innocent citizens to an increased risk of harm from accidents. This Hobson's choice, perhaps, explains our Court's call for legislative action[1] and self-criticism[2] in this puzzling arena.

With these important public policy interests in mind, we are here called upon to decide whether a voluntary passenger[3] in a fleeing vehicle should be

---

[1] See *Cooper v Wade*, 218 Mich App 649, 657; 554 NW2d 919 (1996); *Frohman v Detroit*, 181 Mich App 400, 415; 450 NW2d 59 (1989).

[2] See *Ewing v Detroit (On Remand)*, 214 Mich App 495, 498-500; 543 NW2d 1 (1995); *Frohman*, n 1 *supra* at 415.

[3] We limit our decision to the passenger who voluntarily enters the vehicle and specifically do not address the hostage or kidnapping situation. Further, we leave to another day the analysis to be applied where the police have actual knowledge that the passenger is not in complicity with the fleeing driver.

treated as a fleeing suspect, to whom no legal duty is owed, or as an innocent bystander, to whom a legal duty is owed.

II

### FACTS

On July 23, 1990, police officer Craig Kailimai and his partner noticed a vehicle weaving from lane to lane and decided to stop the vehicle. However, when Kailimai activated the lights on the police car, the driver of the vehicle made a quick right turn. Kailimai then turned on the siren and began to pursue the vehicle. The officers drove next to the vehicle, observed that there were both a driver and a passenger in the vehicle, and motioned to the driver to pull over. Instead, the driver accelerated, and the police continued their pursuit. During the chase, the driver disregarded a red light and drove north on the southbound side of the street. The fleeing vehicle then collided head-on with a third vehicle, and the passenger in the fleeing vehicle was killed. The officers later determined that the fleeing vehicle was stolen.

Plaintiff, as personal representative of the estate of the deceased passenger, filed a complaint against the City of Detroit and the police officers involved in the pursuit. Plaintiff alleged that the officers were negligent or grossly negligent in pursuing a vehicle through a residential area at a high rate of speed. All defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), asserting, among other things, that defendants did not owe a duty to plaintiff's decedent. Plaintiff responded, claiming that defendants owed a duty to plaintiff's

decedent because the decedent was merely a passenger and not the wrongdoer in the fleeing vehicle.

The trial court granted defendants' motion for summary disposition on two grounds, in relevant part finding plaintiff's duty argument unpersuasive. The court relied upon *Fiser v Ann Arbor*, 417 Mich 461; 339 NW2d 413 (1983), reasoning that the officers did not owe a duty to plaintiff's decedent because such a duty "would require the police in making decisions whether to pursue or not, to make an analysis of precisely who was in the car while the car is fleeing and, even more difficult, analyze the role of the persons in the car." Plaintiff now appeals, asserting that defendants (city and officers) did owe plaintiff's decedent a duty because, as a passenger, he was an "innocent bystander" rather than a fleeing driver.

### III

#### ANALYSIS

It is well established in Michigan that officers owe no duty to the fleeing *driver* of a motor vehicle; as a matter of public policy, fleeing drivers may not recover damages from the police for personal injuries occasioned by the driver's wrongful conduct. *Jackson v Oliver*, 204 Mich App 122, 124; 514 NW2d 195 (1994); *Cooper v Wade*, 218 Mich App 649, 656; 554 NW2d 919 (1996). On the other hand, our Supreme Court has imposed civil liability upon the police where *innocent bystanders* are injured as a result of the chase. *Fiser, supra.* But see *Ewing v Detroit (On Remand)*, 214 Mich App 495; 543 NW2d 1 (1995); *Frohman v Detroit*, 181 Mich App 400; 450 NW2d 59 (1989) (both criticizing *Fiser*).

Do the police owe a duty to a *passenger* in a fleeing vehicle? The question is, in essence, whether a voluntary passenger is to be treated as a *fleeing driver*—who may not sue (*Jackson, supra* at 124)—or as an *innocent bystander*—who may sue in tort for personal injuries (*Fiser, supra* at 473). Pursuant to Administrative Order No. 1996-4, this special panel was convened to resolve the conflict on this issue between *Cooper, supra* (which recognized a duty to passengers), and the prior opinion in this case, *Robinson v Detroit (On Rehearing)*, 220 Mich App 801; 563 NW2d 689 (1996), vacated 220 Mich App 801; 563 NW2d 689 (1996), a decision which, but for *Cooper*, would decline to recognize such a duty.

With a goal of protecting the "innocent public" from accidents due to high-speed chases, our Court in *Cooper* reads *Fiser* broadly and therefore treats passengers as akin to innocent bystanders—a class to whom a legal duty is owed. *Cooper, supra* at 656. *With the same goal of protecting the innocent public*, our Court in *Robinson* reads *Fiser* narrowly and *Jackson* broadly, and would instead exclude passengers from the class of the public to whom a duty is owed. In other words, *Cooper* holds there is a duty of care to passengers in cars operated by fleeing drivers; *Robinson* would hold, absent its obligation to follow *Cooper*, there is no duty.

We begin our analysis with a review of the relevant statutes. MCL 257.603; MSA 9.2303 provides in relevant part:

(c) The driver of an authorized emergency vehicle may:

*		*		*

(2) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation.

(3) Exceed the prima facie speed limits so long as he does not endanger life or property.

MCL 257.632; MSA 9.2332 provides:

The speed limitation set forth in this chapter shall not apply to vehicles when operated with due regard for safety under the direction of the police when traveling in emergencies or in the chase or apprehension of violators of the law or of persons charged with or suspected of a violation . . . . This exemption shall apply only when the driver of the vehicle while in motion sounds an audible signal by bell, siren or exhaust whistle as may be reasonably necessary or when the vehicle is equipped with at least 1 lighted lamp displaying a flashing, oscillating or rotating red or blue light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicles, unless the nature of the mission requires that a law enforcement officer travel without giving warning to suspected law violators. This exemption shall not however protect the driver of the vehicle from the consequences of a reckless disregard of the safety of others.

These statutes ("chase" statutes) contemplate, if not sanction, high-speed chases, yet caution against reckless disregard for the safety of others. Indeed, we have held that these chase statutes "require due care for life and property and freedom from reckless disregard of the safety of others." *Marion v Flint*, 71 Mich App 447, 450; 248 NW2d 580 (1976) (concluding that there the "officers evidenced a proper regard for their duty and proper vigilance for the safety of innocent third persons").

While the chase statutes mandate that public safety must be considered, they say nothing to suggest that

the fleeing vehicle or anyone in it is in the class of persons to be protected by the statutes. Thus, the term "others" most logically refers to other motorists and pedestrians, not to participants in the chase. See *Day v Willis*, 897 P2d 78, 81 (Alas, 1995) (noting that similar statutes "focus on the safety of innocent third parties"); *Day v State*, 882 P2d 1150, 1154 (Utah App, 1994) ("the clear language of [a similar] statute imposes on a highway patrol trooper who is pursuing a suspected violator of the law a duty of due care toward those members of the public who are using the highway during the high-speed chase and whose vehicles come within a reasonable proximity to the speeding vehicles"). But see *Chambers v City of Lancaster*, 843 SW2d 143, 148 (Tex App, 1992), aff'd in part and rev'd in part 883 SW2d 650 (Tex, 1994) ("The duty of the police is to drive with due regard for the safety of 'all persons,' including the safety of an apparently innocent passenger on or in the vehicle fleeing from the police."). We conclude that a plain reading of the relevant Michigan chase statutes compels the conclusion that the police do *not* owe a duty to the fleeing vehicle or its voluntary occupants.

In addition to this statutory analysis, the common-law principles underlying the very concept of a legal "duty" also support this result.[4] That is, we must con-

---

[4] In *Clark v Dalman*, 379 Mich 251, 260-261; 150 NW2d 755 (1967), our Supreme Court held:

> Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law. The duty may arise specifically by mandate of statute, or it may arise generally by operation of law under application of the basic rule of the common law, which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his

sider whether the police have, in any real sense, *control* over the nature of the chase. Obviously, while pursuing a fleeing driver, a police officer has some measure of control over the officer's own vehicle and, therefore how he drives. By operating the siren and lights and by slowing for intersections, the officer can control—to some extent—the effect of his vehicle on the public ("others" as defined in the chase statutes) in the vicinity of a chase. However, absent abandoning the chase and thus compromising law enforcement, the officer has little or no control over the fleeing vehicle itself. The direction, speed, and circumstances of the chase will be determined by the fleeing driver. See *Jackson, supra* at 127. Accordingly, where the officer has a degree of control over his vehicle in a way that affects the general public, our Legislature and courts have determined that a duty to the public seems quite appropriate. Conversely, where the officer has little or no control with regard to the fleeing vehicle, imposition of a duty to those in the vehicle seems highly inappropriate.

We therefore resolve this conflict by holding that a voluntary passenger in a car fleeing from the police is not owed a legal duty by the police and therefore may not sue for personal injuries sustained as a result of the police chase. We recognize that reasonable people may differ on which rule best serves the public interest, and we can only hope that our decision today fosters a legislative solution that will deal comprehensively with the important public policy interest inher-

---

actions as not to unreasonably endanger the person or property of others. *This rule of the common law arises out of the concept that every person is under the general duty to so act, or to use that which he controls, as not to injure another.* [Emphasis added.]

ent in police chases for the benefit of our citizens in general and our law enforcement officials in particular.

Because we hold that the police owe no duty to the voluntary passenger in a fleeing driver's vehicle, we need not address the remaining immunity issues raised on appeal.

Affirmed.

WAHLS, P.J., and HOOD, HOEKSTRA, and MARKEY, JJ., concurred.

JANSEN, J. (*dissenting*). I respectfully dissent from the majority's decision to find that the police do not owe a legal duty to a voluntary passenger in a fleeing vehicle. I believe that this Court in *Cooper v Wade*, 218 Mich App 649; 554 NW2d 919 (1996), correctly held that police officers may be held liable for negligence in a police pursuit of a passenger in a fleeing vehicle under the standard of care enunciated in *Fiser v Ann Arbor*, 417 Mich 461; 339 NW2d 413 (1983). That is, the police officer must exercise that care which a reasonably prudent person would exercise in the discharge of official duties of like nature under like circumstances. *Id.*, p 470.

Further, contrary to the holding of the majority, I believe that our Legislature has imposed a duty on police officers. Specifically, MCL 691.1405; MSA 3.996(105) provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled laws of 1948.

In *Fiser, supra,* p 469, our Supreme Court stated that
if the pursuit of the fleeing driver constituted negli-
gent operation of the police vehicles, then the police
officers and the governmental agency would not be
immune from tort liability. Also, MCL 257.603; MSA
9.2303 and MCL 257.632; MSA 9.2332 require that
emergency vehicles be driven with due regard for the
safety of others. See *Fiser, supra,* p 472. Therefore,
the question is not whether police officers owe a duty
to passengers in a fleeing vehicle; they do.[1] The ques-
tion, rather, is whether the police acted reasonably
under the circumstances presented. The reasonable-
ness of the conduct will normally be an issue of fact
for the jury to determine. See *Fiser, supra,* pp 471-
472.

In *Fiser,* the plaintiff was injured in an automobile
collision involving his car and a car fleeing a police
vehicle. Our Supreme Court stated:

> In determining whether the trial court properly granted
> summary judgment for the defendants in this case, we must
> review the reasonableness of the officers' actions and the
> question whether these actions could have been a proxi-
> mate cause of plaintiff's injuries, and decide whether all
> reasonable [persons] would agree with the conclusions.
> [*Id.,* p 470].

In evaluating the reasonableness of the officers' con-
duct, the following factors are to be considered:
whether there existed an emergency situation, the
speed of the pursuit, the area of the pursuit, weather
and road conditions, the presence of pedestrians and

---

[1] As noted in *Fiser, supra,* pp 470-472, this duty is imposed pursuant to
the legislative intent expressed in MCL 691.1405; MSA 3.996(105), MCL
257.603; MSA 9.2303, and MCL 257.632; MSA 9.2332.

other traffic, the presence or absence of audible and visible warnings, and the reasons the officers pursued the vehicle. *Id.*, p 472.

Although it is true that a police officer pursuing a fleeing suspect (the driver) does not owe a duty to refrain from a high-speed chase that endangers the safety of the suspect, *Jackson v Oliver*, 204 Mich App 122; 514 NW2d 195 (1994), this holding is entirely justified by the well-established policy consideration that a wrongdoer cannot assert a cause of action arising out of his or her illegal conduct. See *Orzel v Scott Drug Co*, 449 Mich 550, 552; 537 NW2d 208 (1995). However, with respect to the voluntary passenger in a vehicle, I would hold that a police officer does owe a duty of care to act in a reasonable manner. Because this case is being decided on the narrow ground of whether the police owed a duty of care to the voluntary passenger in a vehicle being pursued by the police, other issues regarding the reasonableness of the officers' conduct and proximate cause require further factual development.

Accordingly, I would follow *Cooper* and *Fiser* and hold that police officers owe a duty of care to act as reasonably prudent persons in the discharge of their official duties of a like nature under like circumstances. This duty would include owing a duty of care to voluntary passengers in a vehicle being pursued by the officers. Any further narrowing of *Fiser* can be done only by our Supreme Court, or by the Legislature. I would reverse the trial court's grant of summary disposition in favor of defendants and remand for further proceedings.

NEFF, J., concurred.