766 So.2d 1157 (2000)
Pamela J. BRYANT, etc., Appellant,
v.
Kevin BEARY, Sheriff, etc., Appellee.
No. 5D99-2397.
District Court of Appeal of Florida, Fifth District.
August 31, 2000.
Rehearing Denied September 21, 2000.
Dana P. Hoffman and H. Terrell Griffin, of Griffin, Linder, Carter & Hoffman, P.A., Orlando, for Appellant.
Bruce R. Bogan, of Eubanks, Hilyard & Bogan, P.A., Orlando, for Appellee.
GRIFFIN, J.
Pamela J. Bryant ["Plaintiff"], as personal representative of the estate of her son, Joseph J. Bryant ["Bryant"], appeals a summary final judgment entered in the Orange County Circuit Court in favor of Kevin Beary, Sheriff of Orange County, ["Sheriff"], on July 29, 1999.
Sometime during the early hours of March 30, 1997, sixteen-year-old Bryant, without either a driver's license or the permission of the vehicle's owner, drove himself and three friends to a nightclub in a two-door silver Plymouth Colt owned by David Alan Beauchesne. After leaving the nightclub and smoking a "couple of joints," Bryant drove through a stop sign near the intersection of Ivey Lane and Old Winter Park Road.
While responding to another call around 4:15 A.M., Orange County Deputy Sheriff Michael Piwowarski observed the Plymouth run through the stop sign. After *1158 cancellation of his earlier call, Piwowarski turned his patrol car and headed in the general direction of the Plymouth. He then observed the Plymouth run another stop sign. Piwowarski activated his blue lights and intermittent siren and attempted to initiate a traffic stop of the Plymouth. When the driver, later identified as Bryant, failed to stop the Plymouth, Piwowarski radioed dispatch for a license tag check. It revealed that the tag belonged to a 1995 Mitsubishi four-door rental car.
As the Plymouth began to accelerate from 45 m.p.h. to 75 m.p.h., Piwowarski informed dispatch that he was terminating pursuit and turned off his emergency lights. Piwowarski confirmed termination of the pursuit moments later to his supervisor. Piwowarski, however, continued to closely follow the Plymouth, according to Orange County Police Officers Denis Turner and Antonio Ortiz. The latter, while responding to another call in the area, observed Piwowarski's patrol car within two to three car lengths of the Plymouth. As he followed Bryant, Piwowarski saw him turn off his headlights, run a red light, and drive on both sides of the road before running a final red light at the intersection of John Young Parkway and Orange Blossom Trail, killing a motorcyclist and himself.
After the accident, the Orange County Sheriff's Office concluded that Piwowarski violated the agency's vehicle pursuit policy by continuing to pursue Bryant after advising dispatch and a superior officer that he had terminated the chase. Piwowarski was ultimately discharged for this violation of policy.
On August 19, 1998, Plaintiff filed a complaint for negligence against the Sheriff alleging that Piwowarski, in his official capacity, breached his duty of care to Bryant by engaging in a high speed chase in violation of internal procedures. The Sheriff filed his answer denying Plaintiff's allegations and asserting, inter alia, the affirmative defense of lack of duty; namely, that the Sheriff "owes no duty under Florida law to the decedent ... based upon his unlawful acts of fleeing and attempting to elude a law enforcement officer and his unlawful conduct of failing to stop his motor vehicle in compliance with a lawful directive by a duly authorized law enforcement officer." The trial court conducted a hearing on the Sheriff's motion for summary judgment and entered summary final judgment in the Sheriff's favor.
This case apparently presents an issue of first impression in our courts; namely, whether a police officer, such as Piwowarski, may owe a duty of care to protect an active law breaker from harm by not pursuing or attempting to stop him. Plaintiff argues that the absence of Florida decisional and statutory law authorizing the claim does not preclude a jury's finding of negligence in the instant case. Plaintiff urges that Piwowarski created a "foreseeable zone of risk" when he both initiated and continued his high speed pursuit of Bryant. See McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). Thus, Piwowarski owed Bryant, as well as third parties, a duty of care, which Piwowarski breached when he continued pursuit in violation of regulations.
Plaintiff relies on the following language from our supreme court's holding in McCain as support for her argument that, as a threshold matter, Piwowarski owed Bryant a duty of care:
The statute books and case law, in other words, are not required to catalog and expressly proscribe every conceivable risk in order for it to give rise to a duty of care. Rather, each defendant who creates a risk is required to exercise prudent foresight whenever others may be injured as a result. This requirement of reasonable, general foresight is the core of the duty element. For these same reasons, duty exists as a matter of law and is not a factual question for the jury to decide: Duty is the standard of conduct given to the jury for gauging the defendant's factual conduct. As a corollary, the trial and appellate courts cannot find a lack of duty if a foreseeable *1159 zone of risk more likely than not was created by the defendant.
Id. at 503.
Since 1992, the Supreme Court of Florida has recognized a police officer's duty of care to innocent bystanders or third parties injured as the result of high speed car chases of fleeing suspects. City of Pinellas Park v. Brown, 604 So.2d 1222 (Fla. 1992); see also Creamer v. Sampson, 700 So.2d 711 (Fla. 2d DCA 1997)(allegations that deputy sheriff pursued car at speed of approximately 80 miles an hour on city streets crowded with traffic because car displayed improper license tag were sufficient to state duty element in cause of action for negligent pursuit); cf. Porter v. State, Dep't Agric. and Consumer Servs., 689 So.2d 1152 (Fla. 1st DCA 1997)(officers who initiated chase, but who withdrew prior to collision, had no foreseeable legal duty to plaintiffs).
The Pinellas Park court did not reach, however, the issue of whether the police owe a duty to the criminal violator himself. Plaintiff contends that the supreme court has decided this issue in her favor in Henderson v. Bowden, 737 So.2d 532 (Fla. 1999), but Henderson is inapplicable to the problem presented in this case. The supreme court in Henderson concluded, upon consideration of its holdings in McCain and Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989), that: "the sheriff's deputies placed the passengers of Lyon's vehicle in danger by directing an intoxicated Lyons to drive to the Circle K store and that this direction, more likely than not, created a foreseeable zone of risk, thereby giving rise to a legal duty." Id. at 536. Thus, the court concluded that the deputies, by detaining the friend and instructing him to drive the vehicle to the convenience store, assumed a special duty to the passengers. Id. The court clarified that its holding did not turn on actual "custody" but rather on the fact that the deputies' orders placed the passengers in danger. Id.
Here, however, Bryant did not submit to the Sheriffs "show of authority," or direction, but instead determined to avoid it. Bryant never gave deputies the opportunity to establish the "special duty" that arose in Henderson. Bryant had the absolute legal duty to yield to the deputies' authority. Indeed, it was a felony to fail to do so. Section 316.1935, Florida Statutes (1999), entitled "Fleeing or attempting to elude a law enforcement officer; aggravated fleeing and eluding," provides in pertinent part:
(1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(2) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated, and during the course of the fleeing or attempted eluding drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
*1160 In short, while both the pursuer and the pursued create a zone of risk for innocent third parties in a motor vehicle chase and thereby owe them a duty of care, the deputy did not create a zone of risk to Bryant by pursuing him for his violation of the law, nor did he cause Bryant any harm. Bryant had the absolute duty to stop, and any injuries incurred by him because he failed to do so were caused solely by himself.
Bryant attempts to find a duty in section 316.072(5), Florida Statutes (1997), which allows emergency vehicles to disregard certain traffic laws with the following proviso:
(c) The foregoing provisions shall not relieve the driver of a vehicle specified in paragraph (a) from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his or her reckless disregard for the safety of others.
Similarly, section 316.126, Florida Statutes (1997), which governs the duty of other vehicles and pedestrians to yield to other vehicles, provides in pertinent part:
(5) This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.
These statutes are not intended to create a duty where none exists, but to preserve any that do exist. Common sense and all rational notions of public policy dictate that a violator fleeing law enforcement who injures himself as a result of his own criminal misconduct should not be able to bring an action for negligence against the law enforcement officer trying to detain him, or against his employer. Such a rule is not inconsistent with the supreme court's recent rulings that officers engaged in high speed chases of fleeing suspects owe a duty of care to innocent bystanders. See Silva v. City of Albuquerque, 94 N.M. 332, 610 P.2d 219 (1980).
AFFIRMED.
W. SHARP, and PETERSON and JJ., concur.