883 So.2d 335 (2004)
Rosa Lee FISHER, individually and as Personal Representative of The Estate of Mark Anthony Fisher, Deceased, Appellant,
v.
MIAMI-DADE COUNTY, a political subdivision of the State of Florida, Appellee.
No. 3D03-1176.
District Court of Appeal of Florida, Third District.
September 9, 2004.
Rehearing Denied October 13, 2004.
Jay Rothlein, Miami Beach, for appellant.
Robert A. Ginsburg, Miami Dade County Attorney, and Stephen A. Stieglitz, Assistant County Attorney, for appellee.
Before SCHWARTZ, C.J., and GERSTEN, and WELLS, JJ.
GERSTEN, J.
Rosa Lee Fisher, individually ("plaintiff"), and as the personal representative of Mark Anthony Fisher ("Fisher"), appeals the trial court's order granting Miami-Dade County's ("County") motion for summary judgment. We affirm.
The pertinent facts are undisputed. In the early morning hours of January 17, 1997, Fisher was a passenger in a car driven by his friend, Robert Williams ("Williams"). At approximately 1:00 a.m., three men observed Williams' car speeding *336 through an intersection on N.W. 27th Avenue at about 100-120 miles per hour. A marked Miami-Dade police vehicle was in pursuit.
The three men attempted to follow the two cars but lost sight of the vehicles. When the men reached the intersection of N.W. 71st Street and N.W. 27th Avenue, they observed Williams' car wrapped around a concrete metro-rail support pole. There were no police officers in sight. One of the men called 911 to report the accident. Williams died on the scene and Fisher was airlifted to Jackson Memorial Hospital, where he died.
It was later determined that Williams, who had several prior DUI convictions and multiple license suspensions, had a blood alcohol level of .23%. Fisher, meanwhile, had a blood alcohol level of .09%.
As determined in discovery, the Miami-Dade Police Department's pursuit policy permits officers to engage in pursuits when they have a reasonable belief that the fleeing suspect has committed or attempted to commit a violent felony. All other pursuits are prohibited. There is no evidence, however, indicating: any calls to the Miami-Dade communications bureau from any police officers reporting a pursuit, the identity of the police officer or police vehicle involved in this pursuit, or how or why this pursuit commenced. There is also no evidence as to whether the officer knew or should have known that there was a passenger in the car he was pursuing. Furthermore, there is no evidence to show whether or not the officer abandoned the pursuit prior to the accident.
The plaintiff filed a complaint against the County for negligently conducting a pursuit contrary to sound police procedures and their own policy. The County sought summary judgment asserting that the police did not owe a duty to Fisher as a passenger in a fleeing vehicle.
The trial court determined that a police officer does not owe a duty to a passenger in a fleeing vehicle unless an officer knew or should have known of the passenger's presence in the vehicle. This appeal followed.
Although Florida courts have addressed whether a duty is owed to innocent by-standers and whether a duty is owed to the drivers of fleeing vehicles, they have not addressed whether a police officer owes a duty to a passenger in a vehicle being pursued by the police. We determine there is no duty.
The Supreme Court, in City of Pinellas Park v. Brown, 604 So.2d 1222 (Fla.1992), held that the police owe a duty to innocent bystanders or third parties injured as a result of high speed chases of fleeing suspects. In City of Pinellas Park, the police initiated pursuit of a car that ran a red light. Between fourteen to twenty other police cars joined the pursuit at speeds up to 120 miles per hour. The vehicle being pursued struck another vehicle killing both female occupants of the other car. The Court held that the pursued vehicle "engaged in such reckless conduct primarily because he was being chased by the police, and that this misconduct would have ceased had the police discontinued the pursuit." City of Pinellas Park, 604 So.2d at 1228.
However, in Bryant v. Beary, 766 So.2d 1157 (Fla. 5th DCA 2000), the Fifth District Court of Appeal held that the police do not owe a duty of care to active law breakers who are injured as the result of high speed chases. The court rationalized that "[c]ommon sense and all rational notions of public policy dictate that a violator fleeing law enforcement who injures himself as a result of his own criminal misconduct should not be able to bring an action *337 for negligence against the law enforcement officer trying to detain him...." Bryant, 766 So.2d at 1160. These cases distinguish a duty owed to an innocent bystander and the duty owed to the driver of a fleeing vehicle. The question raised in this case falls somewhere in between these two scenarios: Do the police owe a duty of care to the passenger of a fleeing vehicle, who is also involved in the chase.
Courts in other states have dealt with this issue yielding mixed results. In Michigan, Tennessee and North Carolina, the courts have held that the police do not owe a duty of care to a voluntary passenger in a car fleeing from the police. See Fawcett v. Adreon, 2001 WL 950159 (Tenn.Ct.App. 2001); Parish v. Hill, 350 N.C. 231, 513 S.E.2d 547 (1999); Robinson v. City of Detroit, 225 Mich.App. 14, 571 N.W.2d 34, 36 (1997). But a Texas court held that the police owed a statutory duty to the passenger in a fleeing vehicle based on a statute which provided drivers of emergency vehicles have a duty to drive with due regard to the safety of all persons. See City of Lancaster v. Chambers, 883 S.W.2d 650 (Tex.1994). The statute, however, has since been repealed.
We therefore must weigh the countervailing obvious considerations the Robinson court faced, to wit:
In police chase, civil liability cases, there seems to be no optimal judicial solution to the perplexing question of how to simultaneously protect the public from (1) victimization by suspects who flee the scene of the crime and (2) accidents that may result from the chase to apprehend the criminal suspect. To impose liability upon the police for accidents attendant to the chase may have the undesirable chilling effect upon law enforcement to the detriment of public safety. Yet, to refrain from imposing civil liability may expose innocent citizens to an increased risk of harm from accidents.
Robinson v. City of Detroit, 571 N.W.2d at 35.
We agree with the Robinson analysis, yet add an additional factor. This factor is the overwhelming burden placed on the police to perform the impractical, if not impossible task of determining, even if they knew a passenger was in a car, whether that passenger was a participant in a crime. By requiring police officers to first determine if there was a passenger and then determining if the passenger was involved in a crime would essentially halt any police pursuit. That result makes no sense considering that the police are our thin blue line protecting society.
Accordingly, we affirm the trial court's order granting summary judgment.
AFFIRMED.
WELLS, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
While I agree with affirmance, I wish to emphasize that my opinion does not stem, as portions of the majority opinion indicate, from any thought that an appraisal of the officer's conduct may be influenced by the presence of a passenger in the vehicle she is (arguendo negligently) pursuing. Her conduct will be deemed negligent or notcertainly with respect to an innocent third party on the highwaywhether there is or is not a passenger and whether she is or is not aware of his presence. Thus, the dispositive issue of whether a passenger in a fleeing vehicle is owed a "duty" of care by the pursuer is determined, as I have previously suggested, simply by a consideration of whether we believe that one should. See Poleyeff v. Seville Beach Hotel Corp., 782 So.2d 422, 425 (Fla. 3d DCA 2001)("a common law *338 duty exists when a court says it does because it thinks it should"), review denied, 817 So.2d 849 (Fla.2002). Balancing the competing interests, see Robinson v. City of Detroit, 462 Mich. 439, 613 N.W.2d 307 (2000), I agree with the conclusion that the line of duty should be drawn on the other side of a voluntary passenger. Accord Fawcett v. Adreon, 2001 WL 950159 (Tenn. Ct.App.2001); Parish v. Hill, 350 N.C. 231, 513 S.E.2d 547 (1999). Applying that principle to this case, in which the deceased passenger was apparently on a mutual personal excursion involving alcohol with the driver, see Loftin v. Bryan, 63 So.2d 310 (Fla.1953), results in affirmance.[1]
NOTES
[1] Not to draw the line too fine, however, I point out the real possibility of a different result if it is shown, even after the accident and unknown to the officer, that a child or un willing, perhaps kidnapped adult, has been present. Cf. Robinson v. City of Detroit, 462 Mich. at 439, 613 N.W.2d at 307 (extending duty to innocent passenger, but placing burden on passenger to establish innocence).

Query: Whether the fleeing driver is a proper, Fabre defendant in an action by such a passenger or in an innocent bystander case such as City of Pinellas Park v. Brown, 604 So.2d 1222 (Fla.1992).