966 So.2d 452 (2007)
Lillian KAMINER, Raphael Kaminer and Nancy Crown, as Personal Representative of the Estate of Matthew Kaminer, Appellants,
v.
ECKERD CORPORATION OF FLORIDA, INC. f/k/a Eckerds Corporation a/k/a Eckerds, a Florida corporation, and Purdue Pharma L.P., a Connecticut Limited Partnership f/k/a Purdue Frederick Company, Appellees.
No. 4D06-3497.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
Kelley B. Stewart of Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman & McKee, P.A., Fort Lauderdale, for appellants.
Brett C. Powell and Mark Hicks of Hicks & Kneale, P.A., Miami, and Kenneth P. Carman of Carman, Beauchamp & Sang, P.A., Boca Raton, for appellee Eckerd Corporation of Florida, Inc.
KLEIN, J.
Matthew Kaminer died as a result of ingesting Oxycontin which he received from his fraternity brother at their fraternity house in Gainesville. The fraternity brother got the drug from his roommate, a pharmacy technician who had stolen it from his employer, Eckerd. The trial court granted Eckerd's motion for summary judgment in this wrongful death action and we affirm.
The theft occurred in April of 2000, when the pharmacy technician took 126 eighty milligram Oxycontin pills which had been bottled, but not yet been picked up by a customer. The next day he gave some of the pills to his roommate, and that evening the roommate gave one of the pills to Kaminer. There were no witnesses who observed Kaminer ingest the Oxycontin; however, the autopsy report indicated that Oxycontin was the cause of death, and the only inference which could be drawn from the evidence is that he ingested it voluntarily.
Kaminer's estate brought this wrongful death action against numerous defendants; however, it is only the claim against Eckerd, based on Eckerd's failure to follow federal regulations or its own procedures for safeguarding controlled substances, which is involved in this appeal. On motion for summary judgment Eckerd did not argue that it was not negligent, but rather relied on Kaminer's criminal conduct in ingesting the drug, which Eckerd argued barred recovery.
Plaintiffs emphasize that there was no evidence showing that Kaminer knew the nature of the drug he ingested; however, knowledge of the illicit nature of a controlled substance can be presumed from actual possession of the substance. Scott v. State, 808 So.2d 166 (Fla.2002).
One of the obvious questions in this case is, if we were to hold Eckerd liable, whether Eckerd could be liable to the technician who stole the drugs if he had overdosed on *454 them. To her credit, counsel for plaintiffs at oral argument conceded (as she should have) that this would be a much more difficult claim, but it does illustrate the possible ramifications of holding Eckerd liable.[1]
Plaintiffs rely on cases such as Sipes v. Albertson's, Inc., 728 So.2d 1243 (Fla. 5th DCA 1999), in which a minor was sold alcohol in violation of a statute, and became intoxicated and involved in an altercation in which he was fatally shot. The court reversed a summary judgment for the alcohol vendor; however, liability was based on a specific statute, section 768.125, which makes a seller of alcohol liable where there is a willful sale of alcohol to a minor. That case is distinguishable because in this case there is no analogous statute on which the theory of recovery is grounded. See Davis v. Shiappacossee, 155 So.2d 365, 367 (Fla.1963) (in the absence of a statute a seller of liquor is not responsible for injury to the person who drinks it).
They also cite cases holding the owners of stolen cars liable, where the keys have been left in the car and the thief injures a third person. Vining v. Avis Rent-A-Car Sys., 354 So.2d 54 (Fla.1977), and Schwartz v. Am. Home Assurance Co., 360 So.2d 383 (Fla.1978). Vining and Schwartz, however, did not allow a wrongdoer to recover for injuring himself.
In Orzel v. Scott Drug Co., 449 Mich. 550, 537 N.W.2d 208 (1995), plaintiff had obtained amphetamines, a controlled substance, through the negligence of a pharmacy and was attempting to hold the pharmacy liable for his injuries resulting from taking the amphetamines. The Michigan Supreme Court, in holding that the plaintiff could not recover, applied the common law rule that a party cannot maintain an action based on the party's own illegal conduct. The court explained:
The rationale that Michigan courts have used to support the wrongful-conduct rule are rooted in the public policy that courts should not lend their aid to a plaintiff who founded his cause of action on his own illegal conduct. Manning [v. Noa] [345 Mich. 130] at 133, 76 N.W.2d 75 [1956]. Glazier [v. Lee] [171 Mich. App. 216] at 220, 429 N.W.2d 857 [1988]. If courts chose to regularly give their aid under such circumstances, several unacceptable consequences would result. First, by making relief potentially available for wrongdoers, courts in effect would condone and encourage illegal conduct. [Miller v.] Radikopf [394 Mich. 83] at 89, 228 N.W.2d 386 [1975]. Second, some wrongdoers would be able to receive a profit or compensation as a result of their illegal acts. Third, and related to the two previously mentioned results, the public would view the legal system as a mockery of justice. Fourth, and finally, wrongdoers would be able to shift much of the responsibility for their illegal acts to other parties. [footnotes omitted.]
Orzel at 213.
Florida follows this rule. In Bryant v. Beary, 766 So.2d 1157 (Fla. 5th DCA 2000), a sixteen year old who did not have a driver's license or permission to drive the car became involved in a high speed chase attempting to flee police officers. He was killed in an accident after running a red light during the chase, and *455 his estate brought a wrongful death action against the sheriff because the officer had violated internal procedures by engaging in the high speed chase. In holding that he could not recover, Judge Griffin, writing for the court, stated:
Common sense and all rational notions of public policy dictate that a violator fleeing law enforcement who injures himself as a result of his own criminal misconduct should not be able to bring an action for negligence against the law enforcement officer trying to detain him, or against his employer.
Id. at 1160. The third district applied Bryant in Fisher v. Miami-Dade County, 883 So.2d 335 (Fla. 3d DCA 2004), and held that a passenger in the fleeing vehicle in a high speed chase cannot recover against the police either.
We apply that common law rule and affirm the summary judgment.
HAZOURI, J., and METZGER, ELIZABETH A., Associate Judge, concur.
NOTES
[1] Lawyers who are candid with the court, and understand when concessions are necessary in order to maintain any semblance of credibility, are much more effective advocates than those who are unwilling to give an inch. When counsel takes a position that is patently absurd, it can provoke further questions and take an oral argument off on a tangent which can only benefit the opponent.