[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12283

_____

D.C. Docket No. 9:17-cv-80765-DMM

JACQUELINE B. OMBRES,

Plaintiff - Appellant,

versus

CITY OF PALM BEACH GARDENS, FLORIDA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 1, 2019)

Before ROSENBAUM, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Appellant Jacqueline Ombres appeals from the district court's order granting summary judgment in favor of the City of Palm Beach Gardens, Florida ("the City"). After careful review, we affirm.

I.    Background

Ombres, the representative of Kayle Claypoole's estate, sued the City in Florida state court for negligence and the negligent supervision, training, and retention of police officer Tatsuaki Hayashi. The complaint alleged that, on June 8, 2015, 18-year-old Claypoole was a passenger in a car driven by her boyfriend, Taylor Giese, when Hayashi attempted to stop the car for speeding 15 miles per hour over the posted limit. According to the complaint, Giese did not stop the car and instead fled Hayashi's attempted traffic stop. Then, Ombres claimed, Hayashi "initiated high speed pursuit, complete with emergency lights," and "closely pursued" the car through a red light and residential neighborhood at almost 100 miles per hour.

The complaint further averred, "[a]s could have and should have been foreseen," the car Giese was driving, in which Claypoole was a passenger, "violently collided with a truck parked on the side of the road." Giese died on impact, and Claypoole died at a hospital. In support of the incident's foreseeability, the complaint alleged that the City's police department had a policy against police pursuits, unless the person sought was a suspected violent criminal.

2

The City moved to dismiss the case on the basis that Hayashi did not owe a duty of care to the passenger of a car in a police pursuit, such as Claypoole.  The state court denied the motion in part because, in *Fisher v. Miami-Dade County*, Florida's Third District Court of Appeal recognized that an officer in a police pursuit might have a duty of care toward a known, unwilling passenger of the fleeing vehicle, such as a kidnapped victim.  883 So. 2d 335 (Fla. 3d DCA 2004).  Nevertheless, the trial court made clear that the City could renew its argument at a later stage of the proceeding.

Ombres subsequently amended her complaint to include claims that the City violated Claypoole's federal constitutional rights under 42 U.S.C. § 1983, and the City removed the case to federal court.

The City moved for summary judgment.  It argued that the officer did not owe Claypoole a duty of care under Florida law and that the lack of duty of care meant that Ombres's federal claims necessarily failed.  Ombres responded that the officer did owe Claypoole a duty of care under Florida law.  And Ombres and the City disputed whether the record evidence demonstrated that the officer had a reason to know that the fleeing car had a passenger.

The district court concluded that the officer did not owe Claypoole a duty of care and granted the City's motion for summary judgment.  The district court based its decision on this analysis of the applicable Florida law:

> Tort relief is available to innocent bystanders injured as a result of high speed chases of fleeing subjects. *See City of Pinellas Park v. Brown*, 604 So. 2d 1222 (Fla. 1992). However, no duty of care is owed to active law breakers injured from high speed chases. *Bryant v. Beary*, 766 So. 2d 1157 (Fla[]. 5th DCA 2000). In *Fisher v. Miami-Dade County*, 883 So. 2d 335 (Fla. 3d DCA 2004), the court considered whether a passenger in a fleeing vehicle should be characterized as a law breaker or an innocent bystander for purposes of tort liability. The Court held that police do not owe a duty of care to a passenger in a vehicle that is breaking the law by fleeing from police. *Fisher*, 883 So. 2d at 337. Moreover, there is no "innocent passenger" exception to the rule in Fisher. *See Bridges v. Seminole County*, 2008 WL 638330 (M.D. Fla. 2008) (Antoon, J.) (granting motion to dismiss based upon lack of duty owed to passenger killed as a result of a police chase, noting the existence of a duty is "not a fact-dependent inquiry" and acknowledging that the Florida appellate court decision in Fisher was controlling).

Having concluded that the officer did not owe Claypoole a legal duty, the court granted the City's motion for summary judgment as to Count I of the complaint. The court granted the City's motion as to the other counts of Ombres's complaint for reasons that are not at issue on this appeal.

This appeal followed.

II.    Standard of Review

We review the district court's summary-judgment decision *de novo*, viewing all facts in the light most favorable to the nonmovant and drawing all reasonable inferences in favor of that party. *Tobinick, MD v. Novella*, 848 F.3d 935, 943 (11th Cir. 2017).

4

III.    Discussion

The only issue on appeal is whether the district court properly concluded that, under Florida law, Hayashi owed no duty of care to Claypoole.  We agree with the district court and conclude that under Florida law, Hayashi did not.

We apply Florida law to Florida claims heard on the basis of supplemental jurisdiction.  *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007).  In interpreting Florida law, we "look first for case precedent from the Florida Supreme Court."  *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1021 (11th Cir. 2014).  Where Florida Supreme Court precedent does not exist, we are "bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise."  *Id.* (quoting *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 820 (11th Cir. 1985)).

We therefore turn to Florida law.  To establish a cause of action for negligence under Florida law, a plaintiff must prove "a duty, breach of that duty, causation, and damages."  *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (citing *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227 (Fla. 2010)).  Under Florida law, "where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk

5

poses." *Kaisner v. Kolb*, 543 So. 2d 732, 735 (Fla. 1989). Following that general principle, the Florida Supreme Court has held that "a high-speed chase involving a large number of vehicles on a public thoroughfare is likely to result in injury to a foreseeable victim," so the law "must recognize a duty" that the police diminish the risk that the chase poses to innocent bystanders. *City of Pinellas Park v. Brown*, 604 So. 2d 1222, 1225 (Fla. 1992).

The Florida intermediate appellate courts have since decided cases where the plaintiff was in the fleeing vehicle, as opposed to cases where the plaintiff was a bystander. First, the Fifth District Court of Appeal held that the police did not owe a duty of care to active law breakers who are injured as the result of a high-speed chase. *Bryant v. Beary*, 766 So. 2d 1157, 1160 (Fla. 5th DCA 2000).

A few years later, the Third District Court of Appeal addressed whether a police officer owed a duty of care to a passenger of a fleeing vehicle in a police pursuit and concluded that the officer did not. The plaintiff in *Fisher v. Miami-Dade County* was a passenger in a car fleeing police at 100-120 miles per hour. 883 So. 2d 335, 335-36 (Fla. 3d DCA 2004). The *Fisher* court recounted the holdings in *Brown* and *Bryant* and observed that "[t]he question raised in this case falls somewhere between" the circumstances in those cases. *Id.* at 337. Having identified the relevant question, the court next recounted the holdings of out-of-state cases, which had uniformly found that "police do not owe a duty of care to a voluntary

6

passenger in a car fleeing from the police." *Id.* (citing *Fawcett v. Adreon*, 2001 WL 950159 (Tenn. Ct. App. 2001), *Parish v. Hill*, 513 S.E.2d 547 (N.C. 1999), and *Robinson v. City of Detroit*, 571 N.W.2d 34 (Mich. Ct. App. 1996)). Then the *Fisher* court added "an additional factor" to the other jurisdictions' analysis:

> This factor is the overwhelming burden placed on the police to perform the impractical, if not impossible task of determining, even if they knew a passenger was in a car, whether that passenger was a participant in a crime. By requiring police officers to first determine if there was a passenger and then determining if the passenger was involved in a crime would essentially halt any police pursuit. That result makes no sense considering that the police are our thin blue line protecting society.

*Fisher*, 883 So. 2d at 337; *accord Bridges v. Seminole Cty.*, 2008 WL 638330, at *3 (M.D. Fla. 2008) (applying *Fisher* and finding that a police officer did not have a duty of care toward an innocent passenger of a fleeing vehicle). In a footnote, one judge in a special concurrence allowed for the "real possibility of a different result if it is shown, even after the accident and unknown to the officer, that a child or unwilling, perhaps kidnapped adult, has been present." *Fisher*, 883 So. 2d at 337 n.1 (Schwartz, C.J., concurring specially).

The facts of Ombres's case are materially indistinguishable from those in *Fisher*. Like Fisher, Claypoole was a passenger in a car fleeing the police. And though the evidence at summary judgment viewed in her favor did not show that she encouraged the unlawful behavior, neither did it establish that the officer had reason

7

to believe she was an unwilling passenger such as a kidnapping victim. Under those circumstances, Florida law treats the passenger of a fleeing car no differently than it does the driver of the car and does not impose a duty of care upon the pursuing officer. This is so because, the *Fisher* court concluded, to do otherwise would place on the officer an "overwhelming burden" of the "impractical, if not impossible task of determining" whether the passenger was a participant in the crime. *Fisher*, 883 So. 2d at 337.

The parties agree that the Florida Supreme Court has not addressed the issue of whether police officers have a duty under Florida state law to a passenger of a fleeing vehicle. We must therefore adhere to the decision of the Third District Court of Appeal in *Fisher* unless we find "some persuasive indication that the [Florida Supreme Court] would decide the issue otherwise." *Winn-Dixie Stores, Inc.*, 746 F.3d at 1021.

We perceive none. Ombres argues that the Florida Supreme Court's decision in *City of Pinellas Park v. Brown*, 604 So. 2d 1222 (Fla. 1992), indicates that the court would decide *Fisher* differently. In *Brown*, though, the Florida Supreme Court did not address the issue in *Fisher*. Rather, it considered the more general question of whether police officers owed a duty of care to innocent bystanders who were not passengers in the fleeing car. *Brown*, 604 So. 2d at 1225-26. *Brown* also predated *Fisher*, and the Third District Court of Appeal expressly discussed *Brown* when

8

reaching its decision.  *Fisher*, 883 So. 2d at 336-37.  Moreover, we see no inconsistency between *Brown* and *Fisher*.

We further note that even assuming Chief Judge Schwartz's special concurrence gave a reason to believe the Florida courts might find liability in the case of an unwilling passenger, in the district court and on appeal here, Ombres does not argue that record evidence demonstrates that Claypoole was an unwilling passenger, so the Chief Judge Schwartz's special concurrence does not provide a reason why the Florida Supreme Court would decide *Fisher* differently.

Finally, Ombres tries to distinguish *Fisher* on the basis that the court there did not have an opportunity to address her statutory argument and that, if that argument were before the Florida Supreme Court, it would decide the issue differently.  We disagree because another Florida intermediate-appellate-court ruling forecloses that conclusion.

Ombres contends that, under Florida Statute § 316.072(5), police officers have a statutory duty of care to "all persons," including all passengers of fleeing cars.  In *Bryant*, however, the Fifth District Court of Appeal expressly rejected that argument. Specifically, that court held that the statute at issue was "not intended to create a duty where none exists, but to preserve any that do exist."  *Bryant*, 766 So. 2d at 1160.  Ombres offers no reason why the Florida Supreme Court would decide *Bryant*

differently, so we are bound by the conclusion of the Fifth District Court of Appeal

on that issue.  *Winn-Dixie Stores, Inc.*, 746 F.3d at 1021.

 **AFFIRMED.**