DAUBENSPECK v AUTO CLUB OF MICHIGAN

Docket No. 106352. Submitted February 3, 1989, at Detroit. Decided March 7, 1989.

Allan K. Daubenspeck brought an action in the Macomb Circuit Court against Automobile Club of Michigan, his no-fault insurer, for personal protection benefits for injuries he sustained when he slipped and fell on ice while filling his car with gasoline. The court, George R. Deneweth, J., granted summary judgment for defendant. Plaintiff appealed.

The Court of Appeals *held:*

The grant of summary judgment was proper. A no-fault insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle. Coverage is provided only where the causal connection between the injury and the maintenance or use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or "but for."

Affirmed.

INSURANCE — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS.

A no-fault insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle; coverage is provided only where the causal connection between the injury and the maintenance or use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or "but for" (MCL 500.3105[1]; MSA 24.13105[1]).

*Law Offices of Samuel I. Berstein* (by *Edmund O. Battersby*), for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Gregory Van Tongeren*), and *Nancy L. Bosh,* of Counsel, for defendant.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 351, 354.
See the Index to Annotations under No-Fault Insurance.

Before: Danhof, C.J., and Beasley and Mac-Kenzie, JJ.

Per Curiam. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant, his no-fault automobile insurer, pursuant to MCR 2.116(C)(10). We affirm.

The facts are undisputed. Plaintiff stopped at a self-service gas station on February 7, 1986. After he finished pumping his gas but before he replaced his gas cap, plaintiff slipped and fell on ice between his car and the gas pump. This suit followed defendant's refusal to pay personal protection insurance benefits for plaintiff's resultant injuries.

MCL 500.3105(1); MSA 24.13105(1) provides that "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." Under this section, coverage should be provided only where the causal connection between the injury and the maintenance or use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or "but for." See generally *Thornton v Allstate Ins Co,* 425 Mich 643, 656-661; 391 NW2d 320 (1986).

In this case, plaintiff contends that refueling constitutes maintenance of an automobile and that he is entitled to benefits under MCL 500.3105(1); MSA 24.13105(1) because he was injured in the course of such maintenance. Defendant asserts that the requisite causal connection between plaintiff's injuries and the maintenance of his vehicle is lacking on these facts. The trial court, in granting summary disposition in favor of defendant, concluded that plaintiff's injuries arose from his slip and fall and that their connection to the vehicle was merely fortuitous. We agree with the trial court.

In *Rajhel v Automobile Club Ins Ass'n,* 145 Mich App 593; 378 NW2d 468 (1985), the plaintiff sought benefits under the no-fault act for injuries sustained when she slipped and fell on ice while walking from her disabled car to a tow truck she had called. This Court concluded that coverage should not be permitted:

> [I]rrespective of the question of whether plaintiff was "occupying" or "maintaining" a motor vehicle, there has simply been no causal connection established between that activity and the injury sustained. The no-fault act was not designed to compensate all injuries occurring in or around a motor vehicle. *Denning v Farm Bureau Ins Co,* 130 Mich App 777, 782; 344 NW2d 368 (1983), lv den 419 Mich 877 (1984). The injury sustained in the instant case was unrelated to plaintiff's maintenance, etc., of a motor vehicle, since the injury could "just as well have occurred elsewhere". 130 Mich App 786, *i.e.,* its connection to a motor vehicle was merely fortuitous. [145 Mich App 595.]

Similarly, in this case, even assuming that the act of refueling constitutes maintenance, the connection between the act of pumping gas and plaintiff's slip and fall was merely incidental, fortuitous, or "but for." Plaintiff was injured by losing his footing on a patch of ice, an injury which could "just as well have occurred elsewhere," *Rajhel, supra,* not by the act of refueling an automobile. Had plaintiff been injured, for example, by fumes emitted from the gas pump or an explosion of the pump, perhaps his claim would have merit. On these facts, however, it may not be said that plaintiff's injuries arose from the maintenance or refueling of his car.

Affirmed.