PUTKAMER v TRANSAMERICA INSURANCE
CORPORATION OF AMERICA

Docket No. 104194. Argued April 8, 1997 (Calendar No. 1). Decided
June 17, 1997.

Carol Putkamer brought an action in the Alpena Circuit Court against
Transamerica Insurance Corporation of America, seeking first-party
no-fault insurance benefits for injuries suffered when she slipped
and fell on ice while entering her parked motor vehicle. The court,
Joseph P. Swallow, J., granted summary disposition for the defend-
ant on the ground that the injury did not arise out of the owner-
ship, operation, maintenance, or use of a motor vehicle as a motor
vehicle. The Court of Appeals, DOCTOROFF, P.J., and HOOD and
REILLY, JJ., affirmed in an unpublished order (Docket No. 170144).
The plaintiff appeals.

In an opinion by Justice RILEY, joined by Chief Justice MALLETT,
and Justices BRICKLEY, BOYLE, WEAVER, and KELLY, the Supreme Court
*held*:

The plaintiff established as a matter of law that her injury arose
from the use of her parked motor vehicle as a motor vehicle under
the no-fault act: she was injured while entering the parked motor
vehicle, her injury was related to her use of the vehicle as a motor
vehicle, and there was a sufficient causal connection between her
injury and the use of her parked vehicle.

1. Where a motor vehicle is parked, whether the injury is cov-
ered by the no-fault insurer generally is governed by the provisions
of subsection 3106(1) of the no-fault act alone. There is no need for
an additional determination whether the injury is covered under
subsection 3105(1). The underlying policy of the parked motor
vehicle exclusion of subsection 3106(1) is to ensure that an injury
covered by the no-fault act involves use of the parked motor vehi-
cle as a motor vehicle. To apply, an injury that occurs while some-
one occupies, enters, or alights from a vehicle must be directly
related to the vehicle's character as a motor vehicle. To justify
recovery, there must be a sufficiently close nexus between the
injury and the use of the vehicle as a motor vehicle that is more
than incidental, fortuitous, or but for.

2. In this case, the plaintiff was entering the vehicle with the intent of traveling to her brother's home when she slipped on some ice and was injured. Thus, as a matter of law, she was using the parked motor vehicle as a motor vehicle while she was entering it. Furthermore, also as a matter of law, her injury bore a substantial causal relationship to her use of the parked motor vehicle. Thus, the plaintiff was injured while entering her vehicle and her injury arose out of the use of her parked vehicle as a motor vehicle under subsection 3106(1) as a matter of law. The circuit court erred in granting summary disposition for the defendant.

Justice CAVANAGH concurred only in the result.

Reversed and remanded.

*McPherson v Auto-Owners Ins Co*, 90 Mich App 215; 282 NW2d 289 (1979), overruled.

*Larry R. Farmer* for the plaintiff-appellant.

*Sullivan, Crowley & Beeby, P.C.* (by *Philip J. Crowley*), for the defendant.

Amicus Curiae:

*Granzotto & Nicita, P.C.* (by *Mark Granzotto*), for Michigan Trial Lawyers Association.

RILEY, J. In this appeal, we are asked to examine whether a woman who was injured when she slipped and fell on the ice while she entered her parked motor vehicle may recover the alleged cost of her medical expenses from her no-fault automobile insurer as a first-party claimant under the no-fault act. On the undisputed facts of this case, plaintiff established as a matter of law that her injury arose from the use of her parked motor vehicle as a motor vehicle under the no-fault act. We reverse the decisions of the Court of Appeals and circuit court and remand for further proceedings.

I. FACTS AND PROCEEDINGS

On December 23, 1991, plaintiff Carol Putkamer and her sister, Sandy, drove from Lansing to Alpena to spend Christmas with their parents. After unloading their luggage and gifts at their parents' home, plaintiff and her sister planned to travel to their brother's home. While plaintiff was getting into her vehicle on the driver's side, she fell on the ice and was injured. She described the accident as follows:

> Sandy was already seated in the passenger seat of my car, which was parked in my parents' driveway. I then walked to my car, opened the driver's door and started to get in my car. While shifting my weight to my left leg and attempting to place my right foot on the driver's side floor board, I lost my footing and fell. The next thing I knew, I was sitting on the ground with my left hand gripping the inside door closure of my car.

Plaintiff allegedly suffered serious injuries to her back that precipitated a disc herniation on April 5, 1992, which required a foot brace, a lumbar brace, extensive medications, and substantial rest.[1]

Consequently, almost one year later, on December 3, 1992, plaintiff sought insurance relief for her medical expenses from her no-fault automobile insurer, defendant Transamerica Insurance Corporation of America. In a letter dated April 21, 1993, defendant insurer refused to provide her benefits,

---

[1] In response to the interrogatory that asked her to detail her injuries that resulted from her accident, plaintiff stated:

> My fall caused me severe, constant and ongoing back pain. This terrible pain then started to radiate into my left buttock and left leg. On April 5, 1992, my disc herniated. On April 15, 1992, I had surgery for left L 4-5 disc herniation.

noting that plaintiff "merely fell," and concluded that "[t]here is no concrete evidence that [you] suffered an accidental bodily injury as a result of a motor vehicle accident . . . as defined by the Michigan No-Fault Statute."

On April 20, 1993, plaintiff brought this action against defendant insurer for first-party benefits for her injury, claiming that her injury arose out of the use of her motor vehicle under the no-fault act. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that there was no genuine issue of material fact that the injury occurred when plaintiff slipped on the ice and that the involvement of the parked motor vehicle was only incidental to her injury. In a written opinion, the trial court granted the motion in favor of defendant:

> This Court is of the opinion that it makes no difference . . . whether [p]laintiff was "entering into" the vehicle at the time she slipped on the ice. . . .
>
> [A] causal connection between the alleged injuries suffered by [p]laintiff and her maintenance or use of a motor vehicle, required to bring her within the scope of the Michigan No-Fault Act, does not exist.

Plaintiff appealed this decision and, on August 21, 1995, the Court of Appeals affirmed in a peremptory order. This order provided in full:

> Pursuant to MCR 7.214(E) and 7.216(A)(7), the Court dispenses with oral argument and affirms the Alpena Circuit Court's order for summary disposition in this cause. Granting that plaintiff was "entering into" her automobile at the time of injury, the injury was occasioned by a slip and fall due to icy conditions. Plaintiff's injury thus fails to bear the requisite causal connection to the ownership, maintenance or use of a parked vehicle as a motor vehicle. *Dau-*

*benspeck v Automobile Club of Michigan,* 179 Mich App
453, 455 [446 NW2d 292] (1989), *Rajhel v Automobile Club
Ins Ass'n,* 145 Mich App 593, 595 [378 NW2d 486] (1985),
and *Block v Citizens Ins Co of America,* 111 Mich App 106,
109 [314 NW2d 536] (1981).   [Entered August 21, 1995
(Docket No. 170144).]

Plaintiff appealed this decision, and we granted leave
to appeal.[2]

## II. ANALYSIS

### A. STANDARD OF REVIEW

Defendant brought its motion for summary disposi-
tion under MCR 2.116(C)(10).  In reviewing such a
motion, a trial court considers affidavits, pleadings,
depositions, admissions, and documentary evidence
in a light most favorable to the nonmoving party.
*Quinto v Cross & Peters Co,* 451 Mich 358, 362; 547
NW2d 314 (1996).  A trial court grants the motion
where there is no genuine issue of material fact. *Id.*

The issue in the instant case is whether there was a
genuine issue of material fact regarding whether
plaintiff's injury was related to the use of her vehicle
under the no-fault act, MCL 500.3101 *et seq.*;   MSA
24.13101 *et seq.*  As the Court of Appeals has noted,
where there is no dispute about the facts, the issue
whether an injury arose out of the use of a vehicle is
a legal issue for a court to decide and not a factual
one for a jury. *Krueger v Lumbermen's Mut Casualty
Co,* 112 Mich App 511, 515; 316 NW2d 474 (1982).  See
also *Wills v State Farm Ins Cos,* 437 Mich 205, 208

---

[2] 453 Mich 901 (1996).

(CAVANAGH, C.J., lead opinion), 215-216 (RILEY, J.), 216 (GRIFFIN, J.); 468 NW2d 511 (1991).[3]

In resolving this dispute, we must interpret statutes within the no-fault act. As the cardinal rule of statutory interpretation, this Court gives effect to the Legislature's intent. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). Where the language of a statute is clear and unambiguous, the courts must apply the statute as written. *Id.* This Court gives the statute's language its ordinary and generally accepted meaning. *Id.* The no-fault act is remedial in nature and is to be liberally construed in favor of the persons who are intended to benefit from it. *Id.* at 28. An issue of statutory interpretation is a question of law subject to de novo review. See *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

### B. STATUTE

The Michigan no-fault insurance act requires a no-fault automobile insurer to provide first-party injury protection for certain injuries related to a motor vehicle:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter. [MCL 500.3105(1); MSA 24.13105(1).]

---

[3] In *Wills*, a majority of the Court agreed that where the facts are not disputed, the determination whether an automobile is parked in such a way so as to create an unreasonable risk of bodily injury under the no-fault act is an issue of statutory construction for a court to decide.

The injury in the instant case involved a parked motor vehicle. The no-fault act expressly addresses a claim that an injury occurred while the motor vehicle was *parked*:

(1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:

(a) The vehicle was parked in such a way as to cause an unreasonable risk of bodily injury which occurred.

(b) . . . [T]he injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

(c) . . . [T]*he injury was sustained by a person while occupying, entering into, or alighting from the vehicle.* [MCL 500.3106; MSA 24.13106 (emphasis added).][4]

Where the motor vehicle is parked, the determination whether the injury is covered by the no-fault insurer generally is governed by the provisions of subsection 3106(1) alone. See *Winter v Automobile Club of Michigan*, 433 Mich 446, 457; 446 NW2d 132 (1989).[5] There is no need for an additional determination whether

---

[4] There is an exception to subsections 3106(1)(b) and (c) in subsection (2) under certain conditions for an employee whose injury occurs during the course of his employment and worker's disability compensation would be available. This exception is not relevant to the instant controversy.

[5] This general rule may not apply where the claim is that the injury arose out of the *maintenance* of a parked vehicle. A claimant may recover under his no-fault insurer under subsection 3105(1) without regard to whether the vehicle may be considered "parked" under subsection 3106(1). See *Miller v Auto-Owners Ins Co*, 411 Mich 633, 641; 309 NW2d 544 (1981). We cautioned in *Winter, supra* at 457, that *Miller* was "limited to the narrow circumstances of that case."

the injury is covered under subsection 3105(1). *Id.* at 458, n 10.[6]

The underlying policy of the parked motor vehicle exclusion of subsection 3106(1) is to ensure that an injury that is covered by the no-fault act involves use of the parked motor vehicle *as a motor vehicle.* *Miller v Auto-Owners Ins Co,* 411 Mich 633, 639-640; 309 NW2d 544 (1981). This Court explained the purpose of the parking exclusion in *Miller, supra* at 639-640:

> Injuries involving parked vehicles do not normally involve the vehicle *as a motor vehicle.* Injuries involving parked vehicles typically involve the vehicle in much the same way as any other stationary object (such as a tree, sign post or boulder) would be involved.
>
> *        *        *
>
> The stated exceptions to the parking exclusion clarify and reinforce this construction of the exclusion. Each exception pertains to injuries related to the character of a parked vehicle as a motor vehicle—characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents. [Emphasis in original.]

---

[6] In *Winter, supra* at 458, n 10, we quoted a passage from our decision in *Bialochowski v Cross Concrete Pumping Co,* 428 Mich 219, 229; 407 NW2d 355 (1987), and disapproved of it:

In *Bialochowski, supra* at 229, we stated:

"Having concluded that the equipment truck was a motor vehicle being used as a motor vehicle, our inquiry is not complete. In order to receive no-fault benefits for an injury involving a parked vehicle, one of the criteria established in § 3106 of the no-fault act must be met."

To the extent that this passage can be read to mean that a determination of whether § 3105(1) is fulfilled is to be made separately from a determination of whether § 3106(1) is fulfilled, it is overruled. [*Winter, supra* at 458, n 10.]

Plaintiff claims that the exception in subsection 3106(1)(c) applies because she was injured while entering her vehicle. This Court elaborated in *Miller*, *supra* at 640, on the underlying purpose of subsection 3106(1)(c) as an exception to the parked vehicle exclusion:

> [Sub]section 3106(c) [now subsection 3106(1)(c)] provides an exception for injuries sustained while occupying, entering or alighting from a vehicle, and represents a judgment that the nexus between the activity resulting in injury and the use of the vehicle as a motor vehicle is sufficiently close to justify including the cost of coverage in the no-fault system of compensating motor vehicle accidents.

Consequently, in order for this exception to apply, an injury that occurs while someone occupies, enters, or alights from the vehicle must be "directly related" to the vehicle's character as a motor vehicle. *Id.* at 640.[7]

In reviewing the requirement of subsection 3105(1) that the injury arise out of the "use of a motor vehicle as a motor vehicle," this Court concluded that the Legislature has provided that there should only be coverage where the causal connection between the injury and the use of the motor vehicle was more than incidental, fortuitous, or "but for." See *Thornton v Allstate Ins Co*, 425 Mich 643, 659; 391 NW2d 320 (1986). See also *Bourne v Farmers Ins Exchange*, 449 Mich 193, 198; 534 NW2d 491 (1995); *Marzonie v*

---

[7] See, e.g., *Gooden v Transamerica Ins Corp of America*, 166 Mich App 793, 795, 805-806; 420 NW2d 877 (1988), in which the Court of Appeals properly concluded that the claimant was not using the parked motor vehicle as a motor vehicle at the time of his injury because he was using it as a "scaffold" when he climbed on the vehicle like "a perch . . . to position and stabilize the ladder" from which he was chipping ice off the roof of his friend's house.

*Auto Club Ins Ass'n,* 441 Mich 522, 530; 495 NW2d 788 (1992). Similarly, where an injury occurs that is related to a parked motor vehicle, subsection 3106(1) requires that there be a sufficiently close nexus between the injury and the use of the vehicle as a motor vehicle to justify recovery. See *Miller, supra.* Therefore, we believe that subsection 3106(1), like subsection 3105(1), requires that, in order to recover, the injury must have a causal relationship to the motor vehicle that is more than incidental, fortuitous, or but for.[8]

In summary, where a claimant suffers an injury in an event related to a parked motor vehicle, he must establish that the injury arose out of the ownership, operation, maintenance, or use of the parked vehicle by establishing that he falls into one of the three exceptions to the parking exclusion in subsection 3106(1). In doing so under § 3106, he must demonstrate that (1) his conduct fits one of the three exceptions of subsection 3106(1); (2) the injury arose out of

---

[8] This conclusion is generally consistent with the analyses of the decisions of the Court of Appeals that have required a claimant to prove that his injury was causally related to his use of the parked motor vehicle. See, e.g., *Shanafelt v Allstate Ins Co,* 217 Mich App 625, 633; 552 NW2d 671 (1996) (identifying the requirement as the "causative or causal nexus requirement"); *Hunt v Citizens Ins Co,* 183 Mich App 660, 664; 455 NW2d 384 (1990) ("sufficient causal nexus between the use of the motor vehicle and the injury"); *Teman v Transamerica Ins Co of Michigan,* 123 Mich App 262, 266; 333 NW2d 244 (1983) ("causal connection between the injury and use of the vehicle").

We expressly overrule the Court of Appeals decision in *McPherson v Auto-Owners Ins Co,* 90 Mich App 215, 220; 282 NW2d 289 (1979), in which the Court had concluded that there need not be a causal connection and instead required only that the vehicle provide "the occasion for the injury." The Court of Appeals had previously disapproved of this analysis. See *Gooden,* n 7 *supra* at 798 ("Considering the unanimity of post-*McPherson* decisions in requiring a separate showing that the motor vehicle was being used as a motor vehicle, we are confident that that case [*McPherson*] has long since been laid to rest").

the ownership, operation, maintenance, or use of the parked motor vehicle *as a motor vehicle*; and (3) the injury had a causal relationship to the parked motor vehicle that is more than incidental, fortuitous, or but for.

### C. APPLICATION

In the instant case, there is no dispute that plaintiff was entering the vehicle when she slipped on some ice and was injured.[9] Moreover, there is no dispute that plaintiff was entering the vehicle with the intention of traveling to her brother's home. Hence, as a matter of law, she was using the parked motor vehicle as a motor vehicle when she was entering the vehicle.

Furthermore, in examining the necessary causal relationship, plaintiff's injury bore a substantial causal relationship to her use of the parked motor vehicle as a matter of law. There is no dispute that, after opening the door of her parked vehicle, she lifted her right leg into the vehicle, shifted her weight to her left leg, and slipped on the ice while stepping into the vehicle. The act of shifting the weight onto one leg created the precarious condition that precipitated the slip and fall on the ice. This injury appears to be exactly the kind of injury that the Legislature decided should be covered when it established an exception to the parked vehicle exclusion for entering a parked vehicle in subsection 3106(1)(c).

---

[9] In its response to plaintiff's motion for summary disposition, defendant stated: "Discovery is now complete . . . , and it is unrefuted that Defendant [sic, plaintiff] slipped on the ice while getting into the motor vehicle."

For these reasons, we conclude that plaintiff was injured while entering her vehicle and that her injury arose out of the use of her parked vehicle as a motor vehicle under subsection 3106(1)(c) as a matter of law. There was no genuine issue of material fact on these questions. The circuit court erred in granting summary disposition in favor of defendant under MCR 2.116(C)(10).[10] We reverse the decisions of the Court of Appeals and the circuit court and remand for further proceedings consistent with this opinion.[11]

---

[10] The circuit court relied primarily on the Court of Appeals decision in *King v Aetna Casualty & Surety Co*, 118 Mich App 648; 325 NW2d 528 (1982), in reaching its decision. In *King*, the plaintiff was injured when he slipped and fell on ice as he walked toward his motor vehicle. He was holding a bag of groceries and fell when he reached to open the door with his car keys. The Court of Appeals properly concluded that he was not entering his vehicle when he slipped and fell and thus did not qualify for the entering exception to the parking exclusion under subsection 3601(c), now subsection 3601(1)(c). *Id.* at 651. However, the Court went on, in dicta, to state that there would have been an inadequate causal relationship between the injury and motor vehicle's use even if he had been entering the vehicle:

> We have no difficulty concluding that plaintiff has not shown a causal connection between the use, etc., of his parked vehicle and his injuries. *Slipping on ice is simply not foreseeably identifiable with the act of entering a vehicle. It was the ice on the parking lot that caused plaintiff's injuries; the involvement of his parked vehicle was merely incidental. Consequently, even if we were to find that plaintiff was "entering into" his vehicle when the accident occurred, we would nevertheless conclude that plaintiff was not entitled to no-fault benefits. [Id.* at 652 (emphasis added).]

This further analysis is wrong. There is a sufficient causal connection, as contemplated by this exception (now subsection 3106[1][c]) to the parking exclusion, for the case in which a plaintiff is injured when he has opened the door to enter the parked vehicle, as in this particular case, and slips and falls on ice because he has shifted his weight while stepping into the vehicle.

[11] The Court of Appeals relied on three of its previous decisions in affirming the circuit court's decision to grant summary disposition to defendant: *Daubenspeck, Rajhel,* and *Block.* In *Daubenspeck* and *Rajhel,* each plaintiff was injured while maintaining the vehicle when the plaintiff

III. CONCLUSION

Plaintiff has established as a matter of law that her injury arose out of her use of the parked motor vehicle under § 3106 because there is no dispute that (1) she was injured while entering the parked motor vehicle under subsection 3106(1)(c), (2) her injury was related to her use of the vehicle as a motor vehicle, i.e., she was going to be driving the automobile when she entered it, and (3) there was a sufficient causal connection between her injury and the use of her parked vehicle. We reverse the decision of the Court of Appeals and remand the case to the circuit court for further proceedings.

MALLETT, C.J., and BRICKLEY, BOYLE, WEAVER, and KELLY, JJ., concurred with RILEY, J.

CAVANAGH, J., concurred only in the result.

---

slipped and fell. Daubenspeck slipped and fell while refueling his automobile, *Daubenspeck, supra* at 454, and Rajhel slipped and fell on ice while walking away from her disabled car and toward a tow truck she had called, *Rajhel, supra* at 594. In each case, the Court of Appeals denied recovery under subsection 3105(1) because there was not the requisite causal connection. These cases are distinguishable from the instant one because they involved maintenance of a vehicle under subsection 3105(1) and this case involves the entering exception under subsection 3106(1)(c). In *Daubenspeck* and *Rajhel*, the plaintiffs were not entering into or alighting from the vehicles when the slip and fall occurred. Neither of these cases supports the proposition that the causal connection between an injury that results from slipping on ice while stepping into a parked motor vehicle and the use of the parked motor vehicle is merely incidental.

In *Block, supra* at 107, the plaintiff slipped and fell on ice while returning to her vehicle, but before she reached it. The Court of Appeals concluded that the plaintiff could not establish the requisite causal connection between the slip and fall and the use of her parked motor vehicle under § 3106. *Id.* at 108-109. This is the proper result because the plaintiff was neither entering into or alighting from her vehicle at the time of the injury, unlike the instant case. This case does not support the Court of Appeals decision here because the facts of the instant case are distinguishable.