*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARKISE STEANHOUSE,

        Plaintiff-Appellee,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY and MICHIGAN
ASSIGNED CLAIMS PLAN,

        Defendants-Appellants,

and

JOHN DOE INSURANCE COMPANY,

        Defendant.

FOR PUBLICATION
April 11, 2024
9:05 a.m.

No. 359576
Wayne Circuit Court
LC No. 20-014854-NF

## ON REMAND

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

GARRETT, J.

This case involves the interplay between various provisions of Michigan's no-fault act, MCL 500.3101 *et seq.* We are asked to determine whether plaintiff, Markise Steanhouse, is eligible to claim personal protection insurance (PIP) benefits through the Michigan Assigned Claims Plan (MACP) for injuries arising from an out-of-state car accident.

In *Steanhouse v MAIPF*, ___ Mich App ___, ___; ___ NW3d ___ (Docket No. 359576); slip op at 6 (*Steanhouse I*), we held that "MCL 500.3172(1) requires a claimant seeking benefits through the MACP to show that the accident giving rise to the claim occurred in Michigan." Therefore, because the accident at issue did not occur in Michigan, Steanhouse was not entitled to PIP benefits, and defendants—the MACP and its administrator, the Michigan Automobile Insurance Placement Facility (MAIPF)—were entitled to summary disposition. *Id.* The Supreme Court vacated our opinion and remanded for reconsideration to "address the impact, if any, of

MCL 500.3114 on whether the plaintiff is eligible to claim benefits through the [MACP].” *Steanhouse v MAIPF*, 512 Mich 928, 928 (2023) (*Steanhouse II*). We conclude that MCL 500.3114 does not impact Steanhouse's eligibility, so we again reverse.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In the prior appeal, we summarized the facts underlying this litigation:

> In November 2019, Steanhouse was injured in a motor vehicle accident in Ohio. Steanhouse applied for PIP benefits through the MACP in September 2020. Alleging that defendants unlawfully refused to assign an insurer to pay him PIP benefits, Steanhouse brought suit. Defendants moved for summary disposition, arguing that in order to claim PIP benefits through the MACP under MCL 500.3172(1), the accident giving rise to the claim must have occurred in the state of Michigan. Defendants reasoned, therefore, that Steanhouse was not entitled to receive PIP benefits through the MACP because there was no genuine issue of material fact that the accident occurred in Ohio.

> Steanhouse responded, disputing defendants' interpretation of MCL 500.3172(1). Steanhouse also asserted that under MCL 500.3111, he was entitled to PIP benefits because he (1) was involved in an accident which occurred in the United States, (2) was an occupant of a vehicle and was injured, and (3) was a resident of the state of Michigan. He noted further that MCL 500.3113, a provision detailing who is not entitled to PIP benefits, made no mention of out-of-state accidents involving in-state residents.

> Defendants replied, arguing MCL 500.3172 only applied to in-state accidents and contending that MCL 500.3111 did not control the case. In defendants' view, MCL 500.3111 contemplated insurance policies in effect for named insureds, spouses, resident relatives, or occupants of insured vehicles, whereas MCL 500.3172 specifically applied to the MACP and the MAIPF. Thus, MCL 500.3172, not MCL 500.3111, applied here.

> The trial court denied defendants' motion for summary disposition, stating that “MCL 500.3172 conflicts with MCL 500.3111 and otherwise cannot be interpreted as depriving assigned coverage to Michigan residents simply because they were injured in accidents in other states.” Defendants moved for reconsideration, arguing that the trial court erred when it ruled MCL 500.3172 and MCL 500.3111 conflict, and that even if the statutes conflicted, MCL 500.3172 should apply because it was the more specific statute. The trial court denied reconsideration and explained that it “does not believe that otherwise uninsured Michigan residents lose their right to coverage through MAIPF when they are injured in an accident that occurs in another state.” Defendants filed an application for leave to appeal the trial court's order denying summary disposition, arguing again that Steanhouse was ineligible to receive PIP benefits through the MACP under MCL 500.3172(1). We granted the application to resolve this question of

statutory interpretation under the no-fault act. [*Steanhouse I*, ___ Mich App at ___; slip op at 2.]

In *Steanhouse I*, *id*. at 3-4, we held that, under the plain language of MCL 500.3172(1), a claimant is not eligible for PIP benefits through the MACP when the underlying accident occurs outside of Michigan. Although arguably in tension with MCL 500.3111, we concluded that MCL 500.3172(1) controlled the resolution of the case. *Id*. at 4-5. Because it is undisputed that Steanhouse's injuries arose from an out-of-state car accident, we reversed the trial court's order denying defendants' motion for summary disposition and concluded that Steanhouse was not entitled to benefits through the MACP. *Id*. at 6.

Although Steanhouse filed no brief in this Court before our prior decision, he sought leave to appeal in the Supreme Court. Steanhouse raised several new arguments, including that MCL 500.3114(4) provided him with coverage. As noted, the Supreme Court vacated our decision and remanded for us to "address the impact, if any, of MCL 500.3114 on whether the plaintiff is eligible to claim benefits through the [MACP]." *Steanhouse II*, 512 Mich at 928. At our direction, the parties filed supplemental briefs on the issue raised in the Supreme Court's remand order. We now turn to its consideration.

## II. LEGAL ANALYSIS

Steanhouse argues that multiple provisions of the no-fault act, properly considered as a whole, establish his entitlement to benefits through the MACP.

## A. STANDARD OF REVIEW

Although this appeal arises from the denial of defendants' motion for summary disposition, resolution of this legal issue depends entirely on the interpretation of the no-fault act. "We review de novo both the denial of a motion for summary disposition and questions of statutory interpretation." *Rouch World, LLC v Dep't of Civil Rights*, 510 Mich 398, 410; 987 NW2d 501 (2022). On de novo review, we give "respectful consideration, but no deference" to the trial court's rulings. *Wasik v Auto Club Ins Assoc*, 341 Mich App 691, 695; 992 NW2d 332 (2022).

As we consider whether MCL 500.3114 has any impact on Steanhouse's eligibility for benefits, we begin with the plain language of the no-fault act.[1] See *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018) ("The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute."). "If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written." *Rouch World*, 510 Mich at 410 (cleaned up). When interpreting various terms in the no-fault act, we must consider them in the context of the

---

[1] The no-fault act was amended substantially by 2019 PA 21, which became effective on June 11, 2019. Because the accident giving rise to Steanhouse's injuries occurred after these amendments, we use the current language of the no-fault act throughout this opinion, unless otherwise noted. See *Griffin v Trumbull Ins Co*, 509 Mich 484, 498 n 4; 983 NW2d 760 (2022).

act as a whole, giving effect as much as possible to every word and phrase. *Diallo v LaRochelle*, 310 Mich App 411, 418; 871 NW2d 724 (2015). Similarly, statutory terms "cannot be viewed in isolation, but must be construed in accordance with the surrounding text and the statutory scheme." *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 917 NW2d 584 (2018) (cleaned up). Although an unambiguous statute must be applied as written, we also recognize that the no-fault act is remedial and should be " 'liberally construed in favor of the persons who are intended to benefit from it.' " *Griffin v Trumbull Ins Co*, 509 Mich 484, 497; 983 NW2d 760 (2022), quoting *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 631; 563 NW2d 683 (1997).

## B.  DISCUSSION

To understand whether MCL 500.3114 impacts Steanhouse's eligibility for benefits, we begin with MCL 500.3111, which "pertains to Michigan residents involved in out-of-state accidents." *Dye v Esurance Prop & Cas Ins Co*, 504 Mich 167, 190 n 60; 934 NW2d 674 (2019). MCL 500.3111 provides:

> Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, . . . and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, the spouse of a named insured, a relative of either domiciled in the same household, or *an occupant of a vehicle involved in the accident, if the occupant was a resident of this state* or if the owner or registrant of the vehicle was insured under a personal protection insurance policy or provided security approved by the secretary of state under section 3101(5).  [Emphasis added.]

Before the 2019 amendments to the no-fault act, the emphasized clause of MCL 500.3111 provided that benefits were payable to "an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy . . . ."  MCL 500.3111, as enacted by 1972 PA 294.  While the prior version of the statute conditioned eligibility on the existence of an applicable insurance policy, the statute now makes PIP benefits payable for injuries suffered in an out-of-state accident if "an occupant of a vehicle involved in the accident" was a Michigan resident, without regard to an applicable policy.  Thus, looking at MCL 500.3111 alone, PIP benefits "are payable" to Steanhouse because he is a Michigan resident who was injured while an occupant of a vehicle involved in an out-of-state accident.

The inquiry in this case does not end there, however.  We next look to MCL 500.3114, which does not confer benefits but instead defines "against whom an individual may make a claim for benefits." *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 215; 895 NW2d 490 (2017).  As amended, MCL 500.3114 "provides for only three layers of priority: the person's no-fault insurer, the insurer of a spouse or resident relative, and lastly the MACP." *Bauer-Rowley v Humphreys*, 344 Mich App 52, 62; 998 NW2d 721 (2022).  Subject to exceptions not relevant here,

> a person who suffers accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle who is not covered under a personal protection

insurance policy as provided in subsection (1)[2] shall claim personal protection insurance benefits *under the assigned claims plan under sections 3171 to 3175*." [MCL 500.3114(4) (emphasis added).]

To "claim" benefits in this context means to make a demand to an insurer or the MACP "for payments that are believed to be due after a motor vehicle accident," or put another way, to "submit insurance claims stating an entitlement to benefits and requesting payment." *Griffin,* 509 Mich at 498, 500.

According to Steanhouse, because PIP benefits are payable to him under MCL 500.3111 and because MCL 500.3114(4) provides that he "shall claim" those benefits under the MACP, he is necessarily eligible for PIP benefits through the MACP. That conclusion skips the last step of the analysis. MCL 500.3114(4) instructs that claims for PIP benefits made to the MACP are governed by the provisions of MCL 500.3171 through MCL 500.3175. And these statutory provisions contain their own eligibility requirements. See MCL 500.3172 and MCL 500.3173a. Thus, being in the order of priority does not by itself mean that the MACP is obligated to pay benefits, nor does it automatically mean that Steanhouse is eligible for benefits under the MACP's requirements. See *Griffin*, 509 Mich at 498.

Turning to the statutes governing the MACP, MCL 500.3172 provides:

(1) A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle *in this state* may claim personal protection insurance benefits through the assigned claims plan if any of the following apply:

(a) No personal protection insurance is applicable to the injury.

(b) No personal protection insurance applicable to the injury can be identified.

(c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.

(d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. [Emphasis added.]

As noted, relying on the "in this state" phrase, we previously held that MCL 500.3172(1) "requires a claimant seeking benefits through the MACP to show that the accident giving rise to the claim

---

[2] MCL 500.3114(1) generally provides that a PIP policy "applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."

occurred in Michigan." *Steanhouse I*, ___ Mich App at ___; slip op at 6. As a result, defendants were entitled to deny Steanhouse's claim for benefits because the underlying accident occurred in Ohio. *Id.*

Steanhouse challenges this interpretation, arguing that MCL 500.3172(1) has no application to out-of-state accidents; if the accident occurs out of state, MCL 500.3111 and MCL 500.3114(4) control entitlement to benefits through the MACP. We disagree and reaffirm our prior interpretation. Under MCL 500.3172(1), a claimant is ineligible for PIP benefits through the MACP when the claimant's injury arises from an out-of-state accident.

The statutory scheme confirms this understanding of the MACP's eligibility requirements. MCL 500.3172(3) provides that "[a] person entitled to claim [PIP] benefits through the [MACP] *under subsection (1)* shall file a completed application on a claim form provided by the [MAIPF] and provide reasonable proof of loss to the [MAIPF]." (Emphasis added). Then, MCL 500.3173a governs the MAIPF's responsibility to review claims and make an eligibility determination:

> The [MAIPF] shall review a claim for personal protection insurance benefits *under the assigned claims plan*, shall make an initial determination of the eligibility for benefits under this chapter *and the assigned claims plan*, and shall deny a claim that the Michigan automobile insurance placement facility determines is ineligible under this chapter *or the assigned claims plan*." [MCL 500.3173a(1) (emphasis added).]

A claimant also has a duty to cooperate with the MAIPF in its eligibility determination by, among other things, "submitt[ing] a claim for [PIP] benefits under the assigned claims plan by submitting to the [MAIPF] a complete application on a form provided by the [MAIPF] in accordance with the assigned claims plan," and "provid[ing] reasonable proof of loss under the assigned claims plan as described in section 3172." MCL 500.3173a(2)(a) and (b). These requirements refer back to MCL 500.3172(3), which explicitly references MCL 500.3172(1) as a condition of eligibility when detailing the requirements to complete an application and provide proof of reasonable loss.

Yet under Steanhouse's interpretation, in which MCL 500.3172(1) does not apply to out-of-state accidents, the statutory scheme is silent about *how* to claim PIP benefits from the MACP for injuries arising out of these accidents. We do not believe that the Legislature intended for the MACP to provide PIP coverage in cases like Steanhouse's without any accompanying language in MCL 500.3171 through MCL 500.3175 about the requirements of filing a claim for benefits for an out-of-state accident. Steanhouse's interpretation ignores the unambiguous language of MCL 500.3114(4)—a qualifying individual who is not covered under a no-fault policy shall claim PIP benefits under the MACP "under sections 3171 to 3175"—by suggesting that an individual can claim benefits through the MACP without looking to the statutory provisions expressly referenced in the priority scheme. Under the priority statute, one must look to MCL 500.3171 through MCL 500.3175 to determine whether a claimant is eligible for benefits through the MACP. In this case, looking to MCL 500.3172(1), Steanhouse is ineligible for PIP benefits because his injury stems from an out-of-state accident.

Steanhouse also offers additional reasons why MCL 500.3172(1) does not make him ineligible to claim benefits, each of which lack merit. First, he contends that his injury did not

arise "because" of the ownership, operation, maintenance, or use of a motor vehicle. In Steanhouse's view, his injuries arose out of his status as an *occupant*, not "out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle," so therefore MCL 500.3172 is inapplicable. Essentially, Steanhouse asserts that "occupant" must have a different meaning from "ownership, operation, maintenance, or use," so none of those words pertain to his case.

We fail to see the relevant distinction that Steanhouse is attempting to draw. MCL 500.3172(1) provides that "[a] person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim [PIP] benefits through the [MACP] . . . ." Putting aside the in-state requirement for a moment, Steanhouse's purported entitlement to benefits through the MACP exists "because" of the accidental bodily injury he suffered, and that injury "ar[ose] out of" the use of a motor vehicle as a motor vehicle.[3] Being an occupant injured in a car accident, as Steanhouse alleges he was, is the simplest way to suffer injuries "arising out of the . . . use of a motor vehicle as a motor vehicle . . . ." MCL 500.3172(1). See also *Thornton v Allstate Ins Co*, 425 Mich 643, 659; 391 NW2d 320 (1986) (holding that an injury arises out of the use of a motor vehicle as a motor vehicle "where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or 'but for' "). There is no suggestion that the vehicle Steanhouse was occupying was not being used as a motor vehicle when the accident in Ohio occurred. Simply put, Steanhouse was occupying a vehicle that was involved in an accident, so his alleged injuries are causally related to the use of a motor vehicle as a motor vehicle.

Alternatively, Steanhouse contends that he is entitled to benefits through the MACP because the vehicle was owned in Michigan. That is, Steanhouse argues that MCL 500.3172 confers benefits because his injuries arose out of the "ownership . . . of a motor vehicle as a motor vehicle in this state . . . ." MCL 500.3172(1). Steanhouse presented no evidence in the trial court to support this assertion about ownership.[4] Even if he had, the fact that the vehicle was owned by a Michigan resident does not entitle Steanhouse to benefits because the accident causing his injuries arose from the use of the vehicle in Ohio, not the ownership of the vehicle in Michigan.

The most compelling argument made by Steanhouse involves the conflict between MCL 500.3111 and MCL 500.3172(1). As discussed, MCL 500.3111 broadly provides that PIP benefits are payable to occupants in out-of-state accidents who are Michigan residents, but MCL 500.3172 specifically limits eligibility through the MACP to claims arising from in-state accidents only. "When two statutes seemingly conflict," as is the case here, "the controlling question is how the Legislature intended for those statutes to interact." *Milne v Robinson*, ___ Mich ___, ___; ___

---

[3] Steanhouse notes that "operation" and "use" must have different meanings under MCL 500.3172(1). We agree. See *Hmeidan v State Farm Mut Auto Ins Co*, 326 Mich App 467, 478; 928 NW2d 258 (2018) (reminding us to avoid interpretations of the statute that render any parts surplusage). Suffice it to say, we need not define the precise contours of the meaning of "operation" and "use" to conclude that Steanhouse easily falls within the scope of "use."

[4] Defendants attached Steanhouse's application for PIP benefits through the MACP to their motion for summary disposition. In the application, Steanhouse wrote that the vehicle involved in the accident—and the owner of that vehicle—were "unknown."

NW3d ___ (2024) (Docket No. 164190); slip op at 9. Answering this question requires the proper application of canons of statutory construction. In *Steanhouse I*, we discussed the general/specific canon—that "if two provisions in a statute conflict, we must apply the more specific one." *In re Huntington Estate*, 339 Mich App 8, 22; 981 NW2d 72 (2021). "One rationale behind this interpretative maxim is that, if the general provision were given effect over the specific one, the more specific provision would be rendered nugatory and ineffectual." *Milne*, ___ Mich at ___; slip op at 9-10. Recently, our Supreme Court in *Milne* cautioned against mechanical application of the general/specific canon. The Court explained that "the general/specific analysis is most likely to be probative of legislative intent when (1) two statutes 'relate to the same subject or 'share a common purpose' such that they should be read together *in pari materia*, and/or (2) one statute addresses a broader topic while the other statute addresses a subset of situations within that broader topic." *Id*. at 10-11 (citations omitted).

We remain convinced that the general/specific canon is useful here to resolve the apparent fundamental conflict between MCL 500.3111 and MCL 3172(1).[5] As we previously held, "MCL 500.3111 generally informs claimants of the circumstances under which PIP benefits are payable, while MCL 500.3172 sets forth the eligibility criteria for claimants to seek PIP benefits through the MACP when no insurance is readily applicable and the accident occurs in Michigan." *Steanhouse I*, ___ Mich App at ___; slip op at 5. MCL 500.3111 addresses a broader topic within the no-fault act—when PIP benefits are payable for injuries arising from out-of-state accidents—while MCL 500.3172(1) tackles a narrower issue within that broader topic—whether claimants are eligible to receive PIP benefits through the MACP for injuries arising from out-of-state accidents. Applying the more specific provision, we again conclude that MCL 500.3172(1) controls Steanhouse's entitlement to benefits. MCL 500.3114(4) also supports this determination, as it directs MACP claimants to MCL 500.3171 through MCL 500.3175.

On a few final points, we are unaware of any caselaw holding that the MACP provides PIP coverage for injuries arising from out-of-state accidents. The only existing caselaw suggests the opposite. See *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 529 n 9; 502 NW2d 310 (1993) ("The plaintiff was out of state when the accident occurred. If the accident occurred in-state he would have been covered by the assigned claims plan of the no-fault act."). We are also unpersuaded that the Legislature intended to broaden the scope of coverage through the MACP through the amendments to MCL 500.3111 and MCL 500.3114, without making any substantive amendments to MCL 500.3172(1).

---

[5] Perhaps this conflict is an unintended consequence of the Legislature amending the ever-complex no-fault act. As always, the Legislature is free to amend the statute if it intended an outcome different from our interpretation of the statute as written.

## III. CONCLUSION

Having considered the instruction from our Supreme Court, we conclude that MCL 500.3114 does not impact Steanhouse's eligibility to claim benefits through the MACP. We reaffirm that MCL 500.3172(1) controls the outcome in this case and requires an individual claiming PIP benefits through the MACP to show that the accident giving rise to the claim occurred in Michigan. Steanhouse's injuries arose from an out-of-state accident, so he is ineligible to claim PIP benefits through the MACP.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly